TRUSTEES OF BURROUGHS SCHOOL v. BOARD OF CONTROL OF HORRY COUNTY.

1. Pleading—Construction of.—A Demurrer to a petition for injunction in this Court resting on alleged facts appearing nowhere else in the record, and supported by no evidence, will be treated as a demurrer that petition does not state facts sufficient to constitute a cause of action.

2. Dispensary—Notice to Locate—Injunction.—A notice by a board of control of intention to locate a dispensary in a township which does not state the particular locality therein at which it is proposed to locate it, is defective, and citizens whose property rights would

be injured by such location will be granted an order perpetually restraining the board of control from locating a dispensary on such notice.

Petition in the original jurisdiction of this Court, by E. Norton, B. G. Collins, C. P. Quattlebaum, F. A. Burroughs and D. A. Spivey, trustees of Burroughs School, a corporation chartered under the laws of this State, against J. H. McCaskill, A. J. Lancaster, and Evander Graham, constituting the board of control of Horry County, asking to perpetually enjoin respondents from locating a dispensary in the town of Conway.

*Mr. Rob't. Scarborough,* for petitioner (oral argument).

*Mr. Fred. D. Davis,* contra (oral argument).

October 26, 1901.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER.   This is a petition addressed to this Court in the exercise of its original jurisdiction, praying that the respondents, as constituting the board of control of Horry County, and their associates and successors in office, may be perpetually restrained and enjoined from establishing a dispensary within one mile of said Burroughs School.   The material allegations of the petition may be substantially stated as follows: That by an act entitled "An act to incorporate the Burroughs School, of Conway, Horry County, S. C., and to prohibit the sale of intoxicating liquors within one mile thereof," approved 23d December, 1889 (20 Stat., 539), your petitioners and their associates were duly created a body corporate by the name and style of trustees of Burroughs School; that soon thereafter the said corporation was duly organized and a seminary of learning, situated at Conway, Horry County, S. C., was established, which has ever since been conducted and carried on in the said town of Conway, for the instruction of the youth, both male and female, of the said town and sur-

rounding country, under the name and style of Burroughs
School; that the petitioners named in the title of this case
are now the trustees of said school; that the persons named
as respondents in the title of this case constitute the board
of control for the county of Horry, appointed in pursuance
of the provisions of the law known as the dispensary law;
that the third section of the act above referred to, expressly
prohibits the sale of any intoxicating liquors within a radius
of one mile from said school; that the respondents, styling
themselves the board of control of Horry County, during
the month of January, 1901, caused to be published in the
Horry *Herald,* a newspaper published in the county of
Horry, a notice in the following form: "A petition having
been circulated asking for the establishment of a dispensary
in Conway Township, after twenty days notice from Janu-
ary 9th, the board of control will proceed to remove the
dispensary from Toddville into Conway Township." That
the publishing of this notice was an attempt on the part of
the said board of control to comply with the provisions of the
dispensary law upon the subject; but that the same was
fatally defective in that the notice contained no designation
of the locality in Conway Township where it was proposed
to establish the dispensary; that it is the avowed and express
intention of said board of control to establish a dispensary
in the town of Conway, which is embraced within the limits
of Conway Township and within less than one mile of Bur-
roughs School, in direct violation of the charter of said
school; that by reason of said defective notice, the petition-
ers and other citizens of Conway Township were prevented
from intelligently contesting the establishment of a dispen-
sary in Conway Township, because it could not be known
with any definite certainty whether the establishment of the
dispensary would infringe upon the rights of the petitioners
as trustees of Burroughs School, conferred by their charter,
or whether the location of the dispensary would be unsatis-
factory to the citizens of said township generally, whereby
they were unable to exercise the right accorded to them by

the dispensary law of contesting the establishment of such dispensary; that after the expiration of the time limited in the said notice, no objection having been entered by reason of the vital defect in the notice as above stated, the respondents, as members of the said board of control, have assumed the authority of establishing a dispensary in the town of Conway, contrary to the provisions of the dispensary law, under which they claim to act, as well as contrary to the provisions of the charter of said school hereinabove referred to; that the petitioners have property rights in said Burroughs School, both as to the property owned by the corporation and the rights and privileges vested in them by the said charter, and that they are without adequate remedy at law for the preservation and protection of such rights. For these reasons the petitioners claim their right to the injunction prayed for in their petition.

To this petition the respondents filed a demurrer upon grounds resting upon allegations of fact, which appear nowhere else in the record, and of which no testimony has been offered. We cannot consider such allegations, of which there is no evidence whatever; but must treat the paper, styled a demurrer, as being nothing more than a demurrer, upon the ground that the facts stated in the petition, are not sufficient to constitute a cause of action, which of course is an admission of all the facts stated in the petition.

The relief asked for in the petition is demanded upon two grounds: 1st. Because of fatal defects in the proceedings taken by the respondents for the purpose of establishing a dispensary in Conway Township, to wit: in the notice above copied, there is no designation of the particular locality in said township where the board of control proposed to establish a dispensary. 2d. Because the charter of Burroughs School forbids, in express terms, the sale of any intoxicating liquors of any kind, in any quantity whatsoever, within a radius of one mile from said school; and "that no license, from any authority whatever, shall warrant such sale."

As to the first ground, it is very obvious—indeed, it is conceded—that under the provisions of sec. 7 of the act of 1896—22 Stat., 128—which it is admitted, and properly admitted, has never been repealed or altered by any subsequent legislation upon the subject, it is a prerequisite to the establishment of a dispensary that the county board of control must give a notice for twenty days, designating the locality where it is proposed to establish a dispensary. This requirement is absolutely essential in order that the voters of the township in which it is proposed to establish a dispensary, may avail themselves of the privilege accorded to them in the same section of the statute, of petitioning the board of control not to establish a dispensary at the particular locality designated in the notice. Now it is apparent on the face of the notice set out in the petition that this essential provision of the statute has not been complied with, as the said notice fails to designate any particular locality where it was proposed to establish the dispensary; and as it is alleged in the petition that, owing to this defect in the notice, the voters of Conway Township were unable to avail themselves of the privilege accorded them by the statute, as has been hereinbefore referred to; and hence any subsequent step taken by the board of control towards establishing a dispensary within the limits of Conway Township under the said notice, would be wholly without authority of law, and being, as it is alleged in the petition, injurious to, if not destructive of, the property rights of the petitioners, they are entitled to the injunction, as prayed for in their petition.

Under this view, the point raised by the second ground cannot arise, and will not, therefore, be considered; for if the notice under which the respondents are alleged to have been acting is fatally defective, then the respondents would have no legal authority to establish a dispensary *anywhere;* and hence the question presented by the second ground, to wit: that under the charter of the Burroughs School, the respondents are prohibited from establishing a dispensary

within a radius of one mile from the Burroughs School could not arise; for even if that provision of the charter of said school has been repealed, as contended for by the respondents—a proposition upon which we are not to be regarded as expressing or even intimating any opinion—the petitioners would still be entitled to the injunction prayed for in their petition.

The judgment of this Court is, that the prayer of the petition be granted, and that the respondents, now constituting the board of control for Horry County, together with their associates and successors in said office, be, and they are hereby, perpetually restrained and enjoined from taking any further steps towards establishing a dispensary within the limits of Conway Township of Horry County, under the notice set forth in the petition.